UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KARL CHRISTOPHER WRIGHT, III,

    Plaintiff,

v.                                             Case No. 24-cv-0436-bhl

MILWAUKEE COUNTY JAIL,

    Defendant.

---

## SCREENING ORDER

---

    Plaintiff Karl Christopher Wright, III, who is currently serving a state prison sentence at Mendota Mental Health Institute and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wright's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Wright has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Wright has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $14.94. Wright's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Wright, sometime between January 2016 and February 2017, while he was incarcerated at the Milwaukee County Jail, Sgt. Wilbourne opened his cell door to allow Officers Brito and J. Ramsey-Guy to enter his cell and assault him by punching and kicking him. He also asserts that Wilbourne moved the cameras, which used to be positioned over the telephones. Wright explains that Wilbourne, Brito, and Ramsey-Guy were upset because he had argued with a nurse and allegedly had put feces on a tray. Dkt. No. 1 at 2-3.

## THE COURT'S ANALYSIS

Wright, who filed his original complaint under §1983 on April 11, 2024, purports to assert claims based on events that occurred at the latest, on February 28, 2017. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). Wright knew he had sustained an injury when the events occurred. The Wisconsin statute of limitations for claims that accrued in 2016 and 2017 is six years. *See D'Aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. §893.53 from six years to three years). Accordingly, for the complaint to be timely, Wright was required to file the complaint by February 28, 2023, at the latest. He did not. Because Wright filed his complaint more than six years after the time his claims accrued, his complaint must be dismissed because his claims are time-barred.

3

**IT IS THEREFORE ORDERED** that Wright's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** because it is barred by the applicable statute of limitations.

**IT IS FURTHER ORDERED** that the agency having custody of Wright shall collect from his institution trust account the $335.06 balance of the filing fee by collecting monthly payments from Wright's prison trust account in an amount equal to 20% of the preceding month's income credited to Wright's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wright is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wright's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wright is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated Milwaukee, Wisconsin on June 10, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.